[Cite as *State v. Lewis*, 2026-Ohio-2543.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :

                                       No. 115786

    v.                                            :

KAYLA CHANEL LEWIS,                      :

    Defendant-Appellant.                  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691873-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Martin A. DiMichele, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Defendant-appellant Kayla Chanel Lewis ("Lewis") appeals from the journal entry sentencing her to imprisonment for second-degree felonious assault,

with a one-year firearm specification. After a thorough review of the facts and the law, we affirm.

## I.  PROCEDURAL HISTORY

{¶ 2}  On May 10, 2024, the grand jury returned a 16-count indictment against Lewis:  six counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11(A)(1); eight counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11(A)(2); and two counts of criminal damaging or endangering, second-degree misdemeanors, in violation of R.C. 2909.06(A)(1). All felonious-assault charges included one- and three-year firearm specifications.

{¶ 3}  On August 18, 2025, Lewis pled guilty to Count 1:  felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1), as amended by deleting the three-year firearm specification and by identifying additional victims. All other counts and specifications were nolled.

{¶ 4}  In that same proceeding, Lewis also pled guilty in two cases not at issue in this appeal. In Cuyahoga C.P. No. CR-24-694513-A, Lewis pled guilty to tampering with records, a third-degree felony, in violation of R.C. 2913.42(A)(2); securing records by deception, a fourth-degree felony, in violation of R.C. 2913.43(A); identity fraud, a fifth-degree felony, in violation of R.C. 2913.49(B)(1); and theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(3). In Cuyahoga C.P. No. CR-24-690247-A, Lewis pled guilty to identity fraud, a fourth-degree felony, in violation of R.C. 2913.49(B)(2).

{¶ 5} Lewis's defense counsel filed a sentencing memorandum on October 2, 2025, and amended it on October 6, 2025. Defense counsel asked the court to impose the least restrictive sanction based on "significant mitigating circumstances."

{¶ 6} The trial court held a sentencing hearing on October 6, 2025. During the hearing, the court heard from the State, defense counsel, Lewis, and Lewis's mother. The State also played a surveillance video of the incident.

{¶ 7} During the sentencing, the State explained that the March 16, 2024 incident occurred inside of a large warehouse, a popular gathering spot that "served illegal liquor and many other things." Lewis arrived in a vehicle with two individuals. After exiting the vehicle, one of Lewis's companions gave her a gun, which she placed in her purse before she went into a room where a crowd was gathered. Lewis discharged the firearm in the warehouse, shooting several individuals. Lewis's conduct resulted in eight victims suffering serious injuries, including gunshot wounds, while others were struck by the car used by Lewis to flee the scene.

{¶ 8} At sentencing, defense counsel argued that there was substantial mitigation in the case. She explained that Lewis had "spent a number of years in a relationship with a partner who was emotionally abusive and controlling," and who "made numerous threats against her and her health and her safety over a period of years." Defense counsel provided details about this abusive partner, whose plan to attack Lewis allegedly led to the incident in question.

{¶ 9} Defense counsel also stated that Lewis "has a long history of mental health issues," for which she has not received adequate treatment and explained that the incident was the result of Lewis "being in mental health crisis . . . ." Defense counsel explained that on the day in question, Lewis "acted under strong provocation"; specifically, that she was "struck in the head and regrettably acted on instinct opening fire in the warehouse."

{¶ 10} Defense counsel discussed the factors in R.C. 2929.12(B) and characterized the harm caused to the victims as the only factor making the crime more serious than conduct normally constituting the offense. Defense counsel also discussed the recidivism factors in R.C. 2929.12(D), stating that none of them, with the possible exception of juvenile-delinquency adjudications, weigh against Lewis.

{¶ 11} Lewis spoke at the sentencing. She expressed remorse for her actions and stated that she wished that the victims were present so she could apologize to them. Lewis's mother also spoke, asking for leniency in sentencing.

{¶ 12} In its statement to the court, the State acknowledged the role that mental illness may have had in the incident but noted that serious physical and psychological injuries resulted from Lewis's conduct. Numerous victims sustained gunshot wounds to their legs and feet, one victim's head was grazed by a bullet, and several victims sustained injuries from being struck by the vehicle that Lewis fled in.

{¶ 13} After hearing from defense counsel, Lewis, Lewis's mother, and the State, the court sentenced Lewis to a prison term of eight years for the second-degree felony, with the one-year firearm specification to be served prior to and consecutive

to the eight years, for a total term of incarceration of nine-years minimum, with a maximum indefinite sentence of up to 13 years. The court also sentenced Lewis to concurrent terms of incarceration in cases CR-24-694513-A and CR-24-690247-A, which are not a part of this appeal.

{¶ 14} The court stated that it "considered all this information, all the principles and purposes of felony sentencing, [and] all the appropriate recidivism and seriousness factors." The court then added that the information before the court is "contradictory to each other," noting mental-health issues and "the residual effects from losing children and abuse," but also indicating it was concerned that Lewis "exaggerated those mental health conditions."

{¶ 15} The court described Lewis's criminal history, stating that while she does not have prior felony convictions, she does have "quite a few misdemeanor cases," as well as active criminal warrants. The court also described the deception and dishonesty inherent in the other two, unrelated, felony cases that Lewis pled guilty to on August 18, 2025.

{¶ 16} The court's journal entry noted that the court had "considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11."

{¶ 17} Lewis appeals, raising the following assignment of error:

> The trial court's imposition of the maximum sentence without support in the record is contrary to law.

## II. LAW AND ANALYSIS

{¶ 18} In support of her sole assignment of error, Lewis argues that the facts established and the mitigation presented in the record fail to support the imposition of a maximum prison term. We disagree.

### A. Legal Standard

{¶ 19} In pertinent part, R.C. 2953.08(A)(1) grants an offender, who has been convicted of or pleaded guilty to a felony, the right to appeal from a sentence imposed under R.C. 2929.14(A) when that sentence consisted of, or included, the maximum prison term allowed and the sentence was imposed for only one offense. *State v. McDaniels*, 2001 Ohio App. LEXIS 990, *6 (8th Dist. Mar. 8, 2001). R.C. 2953.08(A)(4) also allows an offender an appeal as of right when the sentence is contrary to law. *Id.*

{¶ 20} R.C. 2929.11 and 2929.12 establish criteria that a court must consider in sentencing a felony offender. R.C. 2929.11(A) provides that a trial court "shall be guided by" the following purposes of felony sentencing:

> [T]o protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶ 21} R.C. 2929.12 requires that, in determining the "most effective way to comply with the purposes and principles of sentencing," the court "shall consider additional factors" that relate to the seriousness of an offender's conduct and the likelihood of recidivism. R.C. 2929.12(B) and (C), respectively, establish factors that

indicate an offender's conduct is "more serious" or "less serious" than conduct normally constituting the offense. R.C. 2929.12(D) and (E), respectively, establish factors that indicate an offender is "likely" or "not likely" to commit future crimes.

{¶ 22} Appellate review of sentencing is governed by R.C. 2953.08(G)(2), which provides that the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court." This court may "increase, reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b).

{¶ 23} A sentence is contrary to law if it falls outside the applicable statutory range or if the trial court failed to consider the purposes and principles of sentencing established in R.C. 2929.11 and the seriousness and recidivism factors established in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, a sentence within the applicable statutory range, imposed after consideration of the sentencing purposes and seriousness and recidivism factors, is "'presumptively valid.'" *State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.), quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.). "Courts have 'full discretion' to impose a sentence within the statutory range." *Id.*, quoting *id.* "While a sentencing court "'must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors.""" *State v. Anderson*, 2024-

Ohio-1688, ¶ 12 (8th Dist.), quoting *State v. Nazir*, 2024-Ohio-577, ¶ 22 (8th Dist.), quoting *State v. Carter*, 2016-Ohio-2725, ¶ 15 (8th Dist.). Further, a trial court "can be presumed" to have considered the contents of R.C. 2929.11 and 2929.12 absent an affirmative showing that it failed to do so. *Hinton* at ¶ 11.

### 1. R.C. 2929.11

{¶ 24} With respect to the consideration of the purposes of felony sentencing under R.C. 2929.11, Lewis argues that a lesser sentence would have adequately reflected the seriousness of the conduct, noting that she did not "commit the worst form of the offense" and that "none of the victims appeared at the sentencing hearing or responded to the probation department's request for a statement." Lewis also notes that the "probation department's risk assessment placed [her] in the low moderate recidivism risk level." Further, Lewis states that the "record does not reflect that the court considered rehabilitating [her]."

### 2. R.C. 2929.12

{¶ 25} Lewis also discusses the R.C. 2929.12 factors, asserting that only one factor in R.C. 2929.12(B)(2) applies to this case in favor of a harsher sentence. Specifically, Lewis states that the only factor that is present is that the victim suffered serious physical, psychological, or economic harm. R.C. 2929.12(B)(2). Lewis also notes that, despite the harm, none of the victims appeared at the sentencing hearing nor completed a victim-impact statement, implying this should weigh against the seriousness of the offense.

{¶ 26} With respect to the factors in R.C. 2929.12(C), Lewis states that the court did not properly analyze the mitigating circumstances when it imposed the maximum sentence, including Lewis's abusive relationship, history of mental illness, loss of twins, and loss of her father.

{¶ 27} Lewis also argues that the court did not properly consider the R.C. 2929.12(D) and (E) recidivism factors, specifically her lack of prior felony convictions, her sincere remorse and desire to offer an apology to the victims, and designation as a "low moderate recidivism risk level" according to the probation department's presentence-investigation report ("PSI").

**B. Analysis**

{¶ 28} We find that Lewis's sentence was within the statutory range for a conviction of felonious assault, a second-degree felony, with a one-year firearm specification.

{¶ 29} R.C. 2929.14 and 2929.144 set forth the range of prison terms pertinent to this appeal. Regarding a conviction for a second-degree felony, R.C. 2929.14(A)(2)(a) provides in part that "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years, and a maximum term that is determined pursuant to section 2929.144 . . . ." R.C. 2929.144(A)(1), the Reagan Tokes Law, requires that when an offender is sentenced for a felony of the second degree, the maximum prison term shall be equal to the minimum term imposed under R.C. 2929.14(2)(a) "plus fifty percent of that term."

{¶ 30} The court sentenced Lewis to a minimum prison term of eight years, plus one year for the one-year firearm specification. The court also imposed a maximum prison term of 13 years, equal to Lewis's minimum eight-year sentence imposed on the second-degree felony, plus 50 percent of that amount (up to four additional years), in addition to the one-year firearm specification, for a total range of between 9 and 13 years.

{¶ 31} We do not find that the court failed to consider the required sentencing factors. At the sentencing hearing, the court stated that it had "considered all this information, all the principles and purposes of felony sentencing, all the appropriate recidivism factors." Defense counsel argued that Lewis's mental-health issues, lack of prior felony convictions, as well as her past trauma and abusive relationship, constituted mitigating circumstances and justified a lenient sentence. In response, the court stated that the information presented to the court was "contradictory to each other," noting mental-health issues and "the residual effects from losing children and abuse." The court also expressed concern that Lewis "exaggerated those mental health conditions" and commented that Lewis's recent fraud cases speak to a "level of deception and dishonesty that contradicts a lot of what you are saying here today."

{¶ 32} The court also highlighted the seriousness of the offense and long-lasting nature of the injuries sustained by the victims. Moreover, prior to its imposition of the sentence, the court noted that it reviewed the PSI. The court considered Lewis's criminal history, stating that while she does not have prior felony

convictions, she does have "quite a few misdemeanor cases," as well as active criminal warrants.

{¶ 33} The court's statements on the record regarding all that it took into consideration support the assertion in the journal entry that "the court considered all required factors of the law" and that "the court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶ 34} Our case law is clear that ""'nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weight the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."'" *Anderson*, 2024-Ohio-1688, at ¶ 15 (8th Dist.), quoting *Nazir*, 2024-Ohio-577, at ¶ 30 (8th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42 (8th Dist.).

{¶ 35} Given the foregoing, Lewis has not established that her sentence was clearly and convincingly not supported by the record or contrary to law. Accordingly, the assignment of error is overruled.

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EMANUELLA D. GROVES, J., CONCUR